UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENDALL KESHON PLAIN** * | | **CASE NO.** |
| * | | |
| * | | |
| **VERSUS** * | | **SECT:** |
| * | | |
| * | | |
| **AMERICAN MODERN HOME** * | | **JUDGE:** |
| **INSURANCE COMPANY** * | | |
| * | | |

**PETITION FOR REMOVAL**

**NOW INTO COURT**, through undersigned counsel, come Defendant, American Modern Home Insurance Company ("AMHIC"), and with respect states:

I.

This action has been brought in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, by the filing of a Petition for Damages, which bears Civil No. C-730992, Div. "23" and is entitled "*Kendall Keshon Plain v. American Modern Home Insurance Company*."[1]

II.

This action is a civil action brought by Plaintiff, Kendall Keshon Plain, seeking to recover damages as a result of property damage to 3568 Charles Street, Baton Rouge, Louisiana on April 16, 2021.

---

[1] A true copy of the Petition for Damages is attached hereto as Exhibit "1."

III.

According to the allegations of Plaintiff's Petition for Damages, this suit involves a controversy between citizens of different states.

IV.

Plaintiff alleges in his Petition that he is a resident of East Baton Rouge, Louisiana.[2]

V.

Plaintiff's Petition alleges that AMHIC is "an insurance company authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court." AMHIC in fact is a citizen of and is domiciled in Ohio, with its principal place of business in Amelia, Ohio.[3]

VI.

In Paragraphs 10, 11, 14, 16, 19 and 23 of his Petition, Plaintiff alleges:

10.

On or about May 26, 2021, AMHIC sent adjuster, Ms. Christine Bounds, out to Plaintiff's Property, Plaintiff cooperated fully with the claim investigation and properly submitted all documents required. After this inspection, Ms. Bounds returned an estimate insufficient in scope and price to cover the full and adequate cost of covered repairs. Many individual items were omitted or underpaid, and discrepancies on pricing of labor and materials still exist. Ms. Bounds estimated the damages to amount to $25,117.47 for Dwelling Coverage if depreciation is recovered. AMHIC tendered $0.0 to Plaintiff for Coverage B- other structures. On December 2, 2022, Plaintiff was informed that AMHIC paid 36% of the loss.

11.

Plaintiff, through undersigned counsel, submitted Plaintiff's expert report to AMHIC which thoroughly examines the damage to the Property and presents a detailed itemization of the losses, all of which are covered under, the Policy. It considers items

---

[2] See introductory paragraph of Exhibit "1."
[3] See Exhibit "2," affidavit of William Heeb.

2

omitted and/or underpaid by the insurance adjuster and reflects the proper and true cost to repair the damages covered under the Policy. Plaintiff's expert used pricing models which account for post-storm increases in material and labor costs required for full and proper repair. AMHIC's adjusters often allowed only for patchwork repairs. Plaintiff's expert report estimated the damages to Plaintiffs property to amount to $47,397.94 for Dwelling Coverage and $7,640.96 for Other Structures Coverage.

\*   \*   \*

14.

Plaintiff timely notified AMHIC of the losses after the April 16, 2021 wind event which caused damage to Plaintiffs property. This notification constituted satisfactory proof of loss under LA. R.S. § 22:1892 and LA. R.S. § 22:1973.

\*   \*   \*

16.

As of the date of filing this Petition, AMHIC has tendered to Plaintiff an inadequate amount of money despite having sufficient time to investigate Plaintiff's losses. As such, AMHIC are in bad faith under LA. R.S. § 22:1892 and LA. R.S. § 22:1973.

\*   \*   \*

19.

Despite having been provided with "satisfactory proof of loss," and despite conducting its own thorough investigation of the damages Plaintiff incurred from the April 16, 2021 wind storm event, AMHIC has, in bad faith, paid an inadequate amount of money for the damage sustained to Plaintiff's property and caused by these covered losses.

\*   \*   \*

23.

Plaintiff is entitled to penalties and attorneys' fees for AMHIC's bad faith failure to pay Plaintiff's claims and/or to properly adjust this claim.

VII.

According to the allegations of Paragraph 11 of the Plaintiff's Petition for Damages, it appears that Plaintiff is alleging that Plaintiff is entitled to recover $55,138.90 under Dwelling Coverage and Other Structures.  Considering that AMHIC has already paid Plaintiff $25,117.47 (see Paragraph 10 of the Petition for Damages), the net sum Plaintiff would be entitled to is $29,921.43, assuming Plaintiff is correct.  Plaintiff, however, also alleges that AMHIC is liable for penalties and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973.  See Paragraphs 16 and 23 of the Petition for Damages.

VIII.

If Plaintiff is entitled to penalties under La. R.S. 22:1973.C. (which provides for a greater penalty than La. R.S. 22:1892.B.(1)), the applicable penalty would be $59,842.86.[4]  When this potential penalty is added to the Plaintiff's alleged damages of $29,921.43, the total sum of all alleged damages is $89,764.29, before considering any award of attorney's fees under La. R.S. 22:1892.B.(1).  Thus, the amount in controversy, exclusive of interest and cost, exceeds $75,000.

IX.

AMHIC was served with the Petition for Damages on April 27, 2023.

X.

AMHIC requests that this matter be removed to this Honorable Court, based on the existence of subject matter jurisdiction under 28 U.S.C. §1332, is with reservation of all AMHIC's defenses.

---

[4] See *Calogero v. Safeway Insurance Company of Louisiana*, 1999-1625 (La. 1/19/00), 753 So.2d 170, 174.

XI.

Simultaneously with the filing of this Petition for Removal, written notice of removal is being given to all parties and a copy of this Petition for Removal and a Notice of Removal will be filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, to effect a removal of this civil action to this Honorable Court, as provided by law.

**WHEREFORE**, Defendant, American Home Insurance Company ("AMHIC"), prays that this Petition for Removal be accepted as good and sufficient, and the aforesaid civil action be removed from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to this Honorable Court for trial and determination as provided by law. Mover further prays that this Court enter such Orders and issue such process as may be proper to bring before it copies of all records and proceedings as such civil action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and thereupon proceed with this civil action as if it had been originally commenced in this Court.

Respectfully submitted,

**LITCHFIELD CAVO, LLP**

_____
**THOMAS M. RICHARD (#2069)**
**KEVIN J. WEBB (#17857)**
1261 W. Causeway Approach, Suite 200
Mandeville, LA 70471
Direct: 985-869-8707
Office: 985-869-8700
Fax: 985-303-6500
richardt@litchfieldcavo.com
webb@litchfieldcavo.com
*Attorneys for Defendant,*
*American Home Insurance Company*

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Petition for Removal* has been served upon all known counsel of record via e-mail and/or the CM/ECF e-mail notification system on this 25th day of May, 2023

_____
**THOMAS M. RICHARD**